WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
AARON N. LUCOFF, IDAHO STATE BAR NO. 5707
HEATHER S. PATRICCO, DISTRICT OF COLUMBIA STATE BAR NO. 465883
ASSISTANTS UNITED STATES ATTORNEY
LAWRENCE SCHNEIDER, NEW YORK STATE BAR NO. 2594174
UNITED STATES DEPARTMENT OF JUSTICE TRIAL ATTORNEY
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FAZLIDDIN  KURBANOV,<br><br>Defendant. | Case No. CR 13-00120-S-EJL<br><br>**MOTION FOR PRETRIAL CONFERENCE PURSUANT TO SECTION 2 OF THE CLASSIFIED INFORMATION PROCEDURES ACT** |

The United States of America, by and through Wendy J. Olson, United States Attorney,

and the undersigned Assistant United States Attorney for the District of Idaho, hereby moves the

Court to hold a pretrial conference, pursuant to Section 2 of the Classified Information

Procedures Act ("CIPA"), 18 U.S.C. App. III § 2.  Because the United States anticipates that

issues of discovery, disclosure or use of classified information will arise during this case, the

United States respectfully requests that the Court convene a pretrial conference to consider

matters relating to such classified information as required by Section 2 of CIPA.

MOTION FOR PRETRIAL CONFERENCE PURSUANT TO SECTION 2 OF THE
CLASSIFIED INFORMATION PROCEDURES ACT - 1

## OVERVIEW OF CIPA

CIPA contains a set of procedures by which federal district courts and magistrate courts rule on pretrial matters concerning the discovery, admissibility and use of classified information in criminal cases. *See United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363 (11th Cir. 1994). CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996). It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial." *United States v. Apperson*, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure: "The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." *CIA v. Sims*, 471 U.S. 159, 175 (1985) (quoting *Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980) (per curiam)); *accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world."). Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant." *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973).

MOTION FOR PRETRIAL CONFERENCE PURSUANT TO SECTION 2 OF THE
CLASSIFIED INFORMATION PROCEDURES ACT - 2

CIPA neither creates any new right of discovery nor expands the rules governing the admissibility of evidence. *See United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence."); *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) ("CIPA does not create any discovery rights for the defendant."); *United States v. Smith*, 780 F.2d 1102, 1106 (4th Cir. 1985) (en banc). Rather, CIPA applies preexisting general discovery law in criminal cases to classified information and restricts discovery of classified information to protect the government's national security interests. *See Baptista-Rodriguez*, 17 F.3d at 1363-64; *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998); *United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989). Accordingly, CIPA does not "expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." *United States v. Varca*, 896 F.2d 900, 905 (5th Cir. 1990); *accord United States v. McVeigh*, 923 F. Supp. 1310, 1314 (D. Colo. 1996) ("CIPA does not enlarge the scope of discovery or of *Brady*."). Nor does it provide that the admissibility of classified information be governed by anything other than the well-established standards set forth in the Federal Rules of Evidence. *See Baptista-Rodriguez*, 17 F.3d at 1364.

### A.     Section 1 - Definitions

For the purposes of CIPA, "classified information" includes any information or material that has been determined by the United States Government pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security. 18 U.S.C. App. III § 1(a). "National security" means the national defense and foreign relations of the United States. *Id.* § 1(b).

CIPA applies equally to classified testimony and classified documents.  *See United States v. Lee*, 90 F. Supp. 2d 1324, 1326 n.1 (D.N.M. 2000) (citing *United States v. North*, 708 F. Supp. 399, 399-400 (D.D.C. 1988)); *Kasi v. Angelone*, 200 F. Supp. 2d 585, 596-97 (E.D. Va. 2002) (applying CIPA to classified testimony).

B.      **Section 2 - Pretrial Conference**

Section 2 of CIPA – the section the government is invoking in the instant motion – authorizes the district court, upon motion by any party or at its own discretion, to hold a pretrial conference "to consider matters relating to classified information that may arise in connection with the prosecution."  18 U.S.C. App. III § 2.  Following such motion, the court shall  promptly hold the pretrial conference to establish: (1) the timing of discovery relating to any classified information; (2) the provision of the requisite written pretrial notice to the United States of the defendant's intent to disclose classified information, pursuant to Section 5 of CIPA; and (3) the initiation of hearings concerning the use, relevance and admissibility of classified information pursuant to Section 6 of CIPA.  Id.  In addition, the court may consider any matters that relate to classified information or that may promote a fair and expeditious trial.  Id.  No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference. *See* S. Rep. No. 96-823, at 5-6, *reprinted in* 1980 U.S.C.C.A.N. 4294, 4298-99 (96th Cong. 2d Sess.).

To foster open discussions at the pretrial conference, Section 2 provides that no admission made by the defendant or his attorney at the pretrial conference may be used against the defendant unless the admission is in writing and signed by both the defendant and his attorney.  18 U.S.C. App. III § 2.

C.    **Section 3 - Protective Order**

Section 3 of CIPA mandates that the district court issue a protective order upon motion by the United States to protect against the disclosure of any classified information that is disclosed by the government to a defendant. *Id.* § 3. Section 3 was intended "to codify the well-established practice, based on the inherent authority of federal courts, to issue protective orders," *Pappas*, 94 F.3d at 801, as well as to supplement the district court's authority under Rule 16(d)(1) to issue protective orders in connection with the discovery process.[1] In contrast to Rule 16(d)(1)'s discretionary authority, however, Section 3 "makes it clear that protective orders are to be issued, if requested, whenever the government discloses classified information to a defendant in connection with a prosecution, *e.g.* Brady and Jencks material." *Id.*

The right to counsel is permissibly limited by a security clearance requirement and the court can order counsel to seek a clearance. *United States v. Hashmi*, 621 F. Supp. 2d. 76, 82 (S.D.N.Y. 2008); *United States v. Bin Laden*, 58 F. Supp. 2d. 113, 117 23 (S.D.N.Y. 1999). Alternatively, the court can appoint separate cleared counsel. *United States v. Oakley*, 2007 WL 4118298 (E.D. Tenn. 2007) (unpublished); *see also United States. v. Abu Ali*, 528 F.3d 210, 249 (4th Cir. 2008).

D.    **Section 4 - Protection of Classified Information During Discovery**

Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States. 18 U.S.C. App. III § 4; *see e.g. United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998); *Yunis*, 867 F. 2d at 619-625. Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court: "may,

---

[1]    Rule 16(d)(1) provides in relevant part that "at any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief."

MOTION FOR PRETRIAL CONFERENCE PURSUANT TO SECTION 2 OF THE
CLASSIFIED INFORMATION PROCEDURES ACT - 5

for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

FED. R. CRIM. P. 16(d)(1).  The legislative history of CIPA makes it clear that Section 4 was

intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in

order to protect national security.  *See* S. Rep. No. 96-823 at 6, 1980 U.S.C.C.A.N. at 4299-

4300; *see also United States v. Pringle*, 751 F. 2d 419, 427 (1st Cir. 1985).

> Section 4 provides, in pertinent part, that a district court:

>> upon a sufficient showing may authorize the United States to
>> delete specified items of classified information from documents to
>> be made available to the defendant through discovery under the
>> Federal Rules of Criminal Procedure, to substitute a summary of
>> the information for such classified documents, or to substitute a
>> statement admitting relevant facts that the classified information
>> would tend to prove.  The Court may permit the United States to
>> make a request for such authorization in the form of a written
>> statement to be inspected by the court alone.

18 U.S.C. App. III § 4.  In essence, Section 4 allows the United States to request that the court

review, ex parte and in camera, classified information to determine whether it is discoverable

under Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150

(1972), or the Jencks Act, and to protect such classified information from disclosure through

various means if it is discoverable.  *See United States v. Libby*, 429 F. Supp. 2d 18, 22 (D.D.C.

Apr. 5, 2006) (amended by *United States v. Libby*, 429 F. Supp. 2d 46, 47 (D.D.C. May 3,

2006)); *also United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261-62 (9th Cir. 1998);

*Rezaq*, 134 F.3d at 1142; *Yunis*, 867 F.2d at 619-25; *Pringle*, 751 F.2d at 427-28; *Kasi*, 200 F.

Supp. 2d at 596 n.6.

> For example, the government may request the Court deny discovery of a classified

document in its entirety pursuant to Section 4 because it is not discoverable under the relevant

legal standard.  *Libby*, 429 F. Supp. at 48.  Alternatively, the government may file a motion

under Section 4 to delete specific classified information from a document that either the

MOTION FOR PRETRIAL CONFERENCE PURSUANT TO SECTION 2 OF THE
CLASSIFIED INFORMATION PROCEDURES ACT - 6

government or the Court has deemed discoverable, or to substitute a summary or admission in the place of the document. *Id.* at 47. If the court determines that the disputed document is not subject to discovery or, if it is, permits deletion or substitution of the classified information, then the entire text of any ex parte in camera pleadings shall be sealed and preserved in the court's record to be made available to the appellate court in the event of an appeal. 18 U.S.C. App. III § 4.

E.    **Sections 5 and 6 - Procedure for Cases Involving Classified Information Possessed by the Defendant**

Sections 5 and 6 of CIPA apply when a criminal defendant who already possesses classified information seeks to disclose such information during the course of a trial or proceeding. *See, e.g., Baptista-Rodriguez*, 17 F.3d at 1363; *Sarkissian*, 841 F.2d at 965-66; *Collins*, 720 F.2d at 1199-1200. Section 5 requires the defendant to provide timely written notice to the court and the government describing any classified information that he reasonably expects to disclose. *See* 18 U.S.C. App. III § 5(a). Notification must take place "within the time specified by the court, or where no time is specified, within thirty days prior to trial." *Id.* Although the description of the classified information may be brief, it must be particularized and set forth the specific classified information that the defendant reasonably believes to be necessary to his defense. *See Collins*, 720 F.2d at 1199. The defendant must provide formal notice under Section 5 even if the government believes or knows that the defendant may assert a defense involving classified information. *See United States v. Badia*, 827 F.2d 1458, 1465-66 (11th Cir. 1987).

Section 5 specifically prohibits the defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the government has had the

MOTION FOR PRETRIAL CONFERENCE PURSUANT TO SECTION 2 OF THE
CLASSIFIED INFORMATION PROCEDURES ACT - 7

opportunity to seek a determination pursuant to Section 6, and any appeal by the government under Section 7 has been decided or the time for filing an appeal has expired. 18 U.S.C. App. III § 5(a). If the defendant fails to provide the requisite pretrial notice, then the court may preclude disclosure of any classified information not made the subject of notification, and may prohibit the defendant from examining any witness with respect to such information. *Id.* § 5(b).

After the defendant files the requisite notice, under Section 6(a), the government may request a hearing at which the court will make "all determinations concerning the use, relevance or admissibility" of the proposed defense evidence. 18 U.S.C. App. III § 6(a). Upon such a request, the court shall conduct a hearing. *Id.* Such hearing shall be conducted in camera if the Attorney General certifies to the court that a public proceeding may result in the disclosure of classified information. Id. Prior to the hearing, the government must first provide the defendant with notice of the classified information that will be at issue. *Id.* § 6(b)(1). If the particular information was not previously available to the defendant, the government may, with the court's approval, provide a generic description of the material to the defendant. *Id.* The court may also, upon request of the defendant, order the government to provide the defendant prior to trial "such details as to the portion of the indictment or information at issue in the hearing as are needed to give the defendant fair notice to prepare for the hearing." *Id.* § 6(b)(2).

If the government requests a hearing before the proceeding at which the defendant expects to disclose the classified information, the court must issue a ruling before the proceeding commences. *Id.* § 6(a). The court's ruling be in writing and should set forth the basis for its determination as to each item of classified information. *Id.*

If, after an <u>in camera</u> hearing, the court determines that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal. *Id.* § 6(d). If the court finds the classified evidence may be disclosed or elicited, the government may move for, and the court may authorize: (1) the substitution of a statement admitting relevant facts that the specific classified information would tend to prove, or (2) the substitution of a summary of the classified information. *Id.* § 6(c)(1).

If the court denies the government's motion for substitution under Section 6(c), CIPA permits the government, by affidavit from the Attorney General, to object to the disclosure of the classified information at issue. *Id.* § 6(e)(1). Upon the government's filing of the Attorney General's affidavit, the court "shall order that the defendant not disclose or cause the disclosure of such information," *id.*, and may impose a sanction against the government to compensate for the defendant's inability to present proof of the specific item of classified information. *See* S. Rep. 96-823 at 9, 1980 U.S.C.C.A.N. at 4302-3. Section 6(e)(2) provides a sliding scale of possible sanctions, which include dismissal of specific counts, finding against the government on an issue to which the classified information related, striking or precluding testimony of a witness, or dismissing the indictment. 18 U.S.C. App. III § 6(e)(2). An order imposing a sanction shall not take effect until the government has the opportunity to appeal the order under Section 7 and thereafter withdraw its objection to the disclosure of the information. *Id.*

Whenever the court rules at a Section 6(a) hearing that classified information is admissible, the court must require the government to provide the defendant with information it expects to use to rebut the classified information "unless the interests of fairness do not so require." *Id.* § 6(f). The court may place the United States under a continuing duty to disclose

MOTION FOR PRETRIAL CONFERENCE PURSUANT TO SECTION 2 OF THE
CLASSIFIED INFORMATION PROCEDURES ACT - 9

rebuttal information.  Id.  If the government fails to comply, the court may exclude the rebuttal evidence and prohibit the government from examining any witness with respect to such information.  *Id.*

### F.    Section 7 - Interlocutory Appeal

Section 7 permits the United States to take an interlocutory expedited appeal to the appellate court if the district court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to issue a protective order sought by the United States to prevent the disclosure of classified information.  *Id.* § 7.  If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved.  *Id.*  Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial court.  *Id.* § 7(b).

### G.    Section 8 - Procedures Governing the Introduction of Classified Information at Trial or at Pretrial Proceeding

Section 8(c) provides a procedure to address the problem presented at a proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information.  *Id.* at 11, 1980 U.S.C.C.A.N. at 4304.  Specifically, under Section 8(c), the government may object to any question or line of inquiry that may require the witness to disclose classified information that was not previously held to be admissible.  18 U.S.C. App. III § 8(c).  Following an objection, the court "shall take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information."  *Id.*  In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where the defense counsel does not

MOTION FOR PRETRIAL CONFERENCE PURSUANT TO SECTION 2 OF THE CLASSIFIED INFORMATION PROCEDURES ACT - 10

realize that the answer to a given question will reveal classified information.  S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304-5.

### H.      Section 9 - Security Procedures

Section 9 requires the Chief Justice of the United States, in consultation with other executive branch officials, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure.  18 U.S.C. App. III § 9(a).  Security Procedures established pursuant to this provision are codified directly following Section 9 of CIPA.

### I.      Section 9A - Coordination Requirement

Section 9A requires an official of the Department of Justice and the appropriate United States Attorney to provide timely briefings of the fact and status of a prosecution involving classified information to a senior official of the agency in which the classified information originated.  *Id.* § 9A(a).

### ARGUMENT

The Superseding Indictment in this case, filed on November 14, 2014, charges the defendant with the following offenses:  conspiracy and attempt to provide material support to terrorists, in violation of 18 U.S.C. § 2339A; conspiracy and attempt to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B; possession of an unregistered firearm, in violation of 26 U.S.C.§ 5861(d).  Due to the expected evidence, the United States anticipates that issues relating to classified information will arise in connection with this case.  Accordingly, the United States respectfully moves the Court to hold a pretrial conference at the Court's convenience.

MOTION FOR PRETRIAL CONFERENCE PURSUANT TO SECTION 2 OF THE
CLASSIFIED INFORMATION PROCEDURES ACT - 11

Respectfully submitted this 17th day of November, 2014.


WENDY J. OLSON
UNITED STATES ATTORNEY
By:


/s/_____
AARON N. LUCOFF
Assistant United States Attorney


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 17, 2014, the foregoing **MOTION FOR**

**PRETRIAL CONFERENCE PURSUANT TO SECTION 2 OF THE CLASSIFIED**

**INFORMATION PROCEDURES ACT** was electronically filed with the Clerk of the Court

using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s) by:

| Chuck Peterson<br>Courtney Peterson | ECF filing |
| --- | --- |


/s/ _____
AUSA


MOTION FOR PRETRIAL CONFERENCE PURSUANT TO SECTION 2 OF THE
CLASSIFIED INFORMATION PROCEDURES ACT - 12