WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
AARON N. LUCOFF, IDAHO STATE BAR NO. 5707
HEATHER S. PATRICCO, DISTRICT OF COLUMBIA STATE BAR NO. 465883
ASSISTANTS UNITED STATES ATTORNEY
LAWRENCE SCHNEIDER, NEW YORK STATE BAR NO. 2594174
UNITED STATES DEPARTMENT OF JUSTICE TRIAL ATTORNEY
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    vs.<br><br>FAZLIDDIN KURBANOV,<br><br>         Defendant. | Case No. 1:13-cr-00120-EJL<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S RULE 29 MOTION TO DISMISS COUNT FOUR OR COUNT FIVE AS MULTIPLICITOUS** |

Based on information and belief, the United States expects that the Defendant may make a motion under Federal Rule of Criminal Procedure 29 to dismiss Count Four or Count Five of the Indictment as multiplicitous.  Accordingly, the United States, by and through Wendy J. Olson, United States Attorney, and the undersigned counsel, files this motion in advance of any such motion and argument under Rule 29 to alert the Court to the United States' position.

First, the Defendant's motion is untimely because he did not file it pretrial, as required by the Federal Rules of Criminal Procedure, and prior to this Court's motions deadline. Accordingly, the Court should not consider it.  Alternatively, his motion lacks merit.  Because

GOVERNMENT'S RESPONSE TO DEFENDANT'S RULE 29 MOTION - 1

the elements of the offense charged in Count Four – attempt to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B – do not overlap with the elements of the offense charged in Count Five – attempt to provide material support to terrorists, in violation of 18 U.S.C. § 2339A – the counts are not multiplicitous.

I.      Factual Background

On May 16, 2013, a federal grand jury returned a three-count indictment charging the defendant with conspiracy to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B (Count One); conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A (Count Two); and possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (Count Three).  (Dkt. #1).

On November 14, 2014, a federal grand jury returned a five-count superseding indictment charging the defendant with the original three counts and two additional attempt counts: attempt to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B (Count Four); attempt to provide material support to terrorists, in violation of 18 U.S.C. § 2339A (Count Five).  (Dkt. #74).

On April 3, 2015, the Court set a motions deadline of June 1, 2015 for motions in limine and June 29, 2015 for all pretrial briefs.  (Dkt. #103).

II.     Legal Standards

Federal Rule of Criminal Procedure 12(b)(3) provides in pertinent part:

> The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits. . . (B) a defect in the indictment or information, including. . . (ii) charging the same offense in more than one count (multiplicity)

Fed. R. Crim. P. 12(b)(3).

GOVERNMENT'S RESPONSE TO DEFENDANT'S RULE 29 MOTION - 2

Federal Rule of Criminal Procedure 12(c)(3) provides:

> If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely.  But a court may consider the defense, objection, or request if the party shows good cause.

Fed. R. Crim. P. 12(c)(3).

Section 2339B provides:

> Whoever knowingly provides material support or resources <u>to a foreign terrorist organization</u>, or attempts or conspires to do so, shall be fined under this title or imprisoned not more than 20 years, or both, and, if the death of any person results, shall be imprisoned for any term of years or for life.  To violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization (as defined in subsection (g)(6)), that the organization has engaged or engages in terrorist activity (as defined in section 212(a)(3)(B) of the Immigration and Nationality Act), or that the organization has engaged or engages in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

18 U.S.C. § 2339B (emphasis added).

The elements of Section 2339B, as charged in Count Four, are:

1. Between July 2012 and May 16, 2013, the defendant attempted to provide material support or resources, namely personnel including the defendant himself, to the <u>designated foreign terrorist organization</u>, the IMU;

2. The defendant did something that was a substantial step toward committing the crime;

3. The IMU was a designated FTO;

4. The defendant knew that at least one of the following conditions existed:

   a. That the IMU was a designated foreign terrorist organization; or

   b. That the IMU has engaged or was engaging in terrorist activity; or

   c. That the IMU has engaged or was engaging in terrorism; and

5. The offense occurred in whole or in part within the United States.

GOVERNMENT'S RESPONSE TO DEFENDANT'S RULE 29 MOTION - 3

18 U.S.C. § 2339B; *see also Holder v. Humanitarian Law Project*, 561 U.S. 1, 16-17 (2010); *United States v. Abdi*, 498 F. Supp. 2d 1048, 1060-61 (S.D. Ohio 2007); *United v. States v. Khan*, 309 F. Supp. 2d 789, 820 (E.D. Va. 2004), *aff'd*, 461 F.3d 477 (4th Cir. 2006); *United States v. Kabir*, Case No. ED CR 12-92-VAP (C.D. Cal. Sep. 17, 2014), Final Jury Instructions (ECF No. 715) at 29-30; *United States v. Moalin*, Case No. 10CR4246-JM (S.D. Cal. Feb. 19, 2013), Final Jury Instructions (ECF No. 301) at 30-39.

Section 2339A provides:

> Whoever provides material support or resources or conceals or disguises the nature, location, source, or ownership of material support or resources, <u>knowing or intending that they are to be used in preparation for, or in carrying out, a violation of</u> section 32, 37, 81, 175, 229, 351, 831, 842(m) or (n), 844(f) or (i), 930(c), 956, 1091, 1114, 1116, 1203, 1361, 1362, 1363, 1366, 1751, 1992, 2155, 2156, 2280, 2281, 2332, <u>2332a</u>, 2332b, 2332f, 2340A, or 2442 of this title, section 236 of the Atomic Energy Act of 1954 (42 U.S.C. 2284), section 46502 or 60123(b) of title 49, or any offense listed in section 2332b(g)(5)(B) (except for sections 2339A and 2339B) or in preparation for, or in carrying out, the concealment of an escape from the commission of any such violation, or attempts or conspires to do such an act, shall be fined under this title shall be fined under this title, imprisoned not more than 15 years, or both, and, if the death of any person results, shall be imprisoned for any term of years or for life.

18 U.S.C. § 2339A (emphasis added).

The elements of Section 2339A, as charged in Count 5, are:

1. Between July 2012 and May 16, 2013, the defendant attempted to provide material support or resources, namely personnel including the defendant himself, <u>knowing or intending that the material support or resources be used in preparation for, or in carrying out, a violation of Section 2332a of Title 18 of the United States Code</u>, which makes it a crime for anyone to use, threaten, or attempt or conspire to use a weapon of mass destruction against any person or property with the United States that would have affected interstate or foreign commerce, or against any property that is owned, leased or used by the United States, or by any department or agency of the United States; and

2. The defendant did something that was a substantial step toward committing the crime.

GOVERNMENT'S RESPONSE TO DEFENDANT'S RULE 29 MOTION - 4

18 U.S.C. § 2339A; *see United States v. Kabir*, Case No. ED CR 12-92-VAP (C.D. Cal. Sep. 17, 2014), Final Jury Instructions (ECF No. 715) at 26-28; *United States v. Chandia*, 514 F.3d 365, 372 (4th Cir. 2008).

III.    <u>Argument</u>

    A.    <u>The Defendant's Motion is Untimely and the Court Should Not Consider It</u>

Should he make it, the Defendant's motion would be untimely under the Court's order establishing a motions deadline and Federal Rule of Criminal Procedure 12.  This Court should not find good cause, and should not consider the motion.  *See* Fed. R. Crim, P. 12(c)(3).

Since May 16, 2013, when the original indictment was returned, the Defendant has been aware that he was being charged with violating both Section 2339A and 2339B.  Count One of the original indictment charged material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B; Count Two of the original indictment charged conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A.  (Dkt. #1).  On November 14, 2014, the superseding indictment added Count Four, attempt to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B, and Count Five, attempt to provide material support to terrorists, in violation of 18 U.S.C. § 2339A. (Dkt. #74).

Notwithstanding that the Defendant has been aware since May 16, 2013 that he was being charged under both sections, he failed to file his motion before the June 1, 2015 or June 29, 2015 motions deadlines.  (Dkt. #103).  The government is unaware of any reason why the Defendant did not make the motion within these deadlines.

Furthermore, should he make the motion, the Defendant will have waited until after the jury was empaneled, and after the government rested its case, to raise the challenge.  This would

GOVERNMENT'S RESPONSE TO DEFENDANT'S RULE 29 MOTION - 5

violate Rule 12's proscription requiring that all motions alleging a defect in the indictment –

specifically including one claiming "multiplicity" – be filed "pretrial."  Fed. R. Crim. P.

12(b)(3)(B)(ii).  Again, the government is unaware of any reason why the Defendant did not

make the motion pretrial.

Because there is no good cause as to why the Defendant failed to file his motion to

dismiss in a timely manner, this Court should not consider it in connection with the Defendant's

Rule 29 motion.

B.    Counts Four and Five are Not Multiplicitous

Alternatively, should the Court entertain the Defendant's motion, the Court should deny

it because it lacks merit.  The Defendant will likely claim that Counts Four and Five are

multiplicitous because they are based on the same conduct and require the same proof.  Thus, the

Defendant likely will claim that these counts violate the Double Jeopardy Clause of the

Constitution because they would subject him to multiple sentences for a single offense.  The

Defendant would be mistaken in his analysis and would be ignoring case law directly on point.

The Supreme Court in *Blockburger* annunciated the test for determining whether an

indictment is multiplicitous:  "where the same act or transaction constitutes a violation of two

distinct statutory provisions, the test to be applied to determine whether there are two different

offenses or only one, is whether each provision requires proof of a fact which the other does

not."  *Blockburger v. United States,* 284 U.S. 299, 304 (1932).  "[T]he Court's application of the

test focuses on the statutory elements of the offense.  If each requires proof of a fact that the

other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the

proof offered to establish the crimes."  *Albernaz v. United States*, 450 U.S. 333, 338 (1981)

GOVERNMENT'S RESPONSE TO DEFENDANT'S RULE 29 MOTION - 6

(quoting *Iannelli v. United States*, 420 U.S. 770, 785 n. 17 (1975)); *see also United States v. Wahchumwah,* 710 F3d 862, 869 (9th Cir. 2013) (quoting *Albernaz*).

Under the *Blockburger* test, counts that allege violations of Sections 2339A and 2339B – even if they are based on the same conduct and proof – are not multiplicitous because their elements do not overlap. *United States v. Chandia,* 514 F.3d 365, 372 (4th Cir. 2008) ("The elements of the separate crimes charged under § 2339A and § 2339B do not overlap."); *United States v. Omar,* 2012 WL 2277838 at *11-12 (D. Minn. 2012).  As the district court in *Omar* explained, Section 2339A requires proof that the defendant knew his material support would be used to assist in violating one of a number of enumerated statutes, which Section 2339B does not; and Section 2339B requires proof of material support to a designated foreign terrorist organization, which Section 2339A does not:

> Defendant's argument also fails to the extent he argues that counts alleging violations of Section 2339A (Counts 1 and 2), are multiplicitous with counts alleging violations of Section 2339B (Counts 3 and 4). Section 2339A requires proof that Defendant provided material support that he knew or intended would be used in preparation for, or in carrying out, a violation of [an enumerated offense in Section 2339A].  Section 2339B requires proof that Defendant provided material support to an organization designated as a foreign terrorist organization (citation omitted).  Because each statute requires proof of an element the other does not, alleged violations of Section 2339A and alleged violations of Section 2339B are not multiplicitous.

*Omar,* 2012 WL 2277838 at *12; *see also Chandia,*514 F.3d at 372 ("Because each statute requires proof of an element that the other does not, we presume that Congress authorized multiple punishments."); *cf. United States v. Sattar*, 272 F. Supp.2d 348, 356 (S.D.N.Y. 2003) ("Section 2339B, which is alleged to have been violated in this case, requires only that a person 'knowingly' 'provides' 'material support or resources' to a 'foreign terrorist organization.' Section 2339A criminalizes the provision of 'material support or resources' 'knowing or

intending that they are used in preparation for, or in carrying out,' a violation of various criminal statutes. No such specific criminal intent provision is included in § 2339B.").

Likewise, here, Count Four (charging a violation of 18 U.S.C. § 2339B) and Count Five (charging a violation of 18 U.S.C. § 2339A) are not multiplicitous. Count Four requires proof that the Defendant provided material support to a designated foreign terrorist organization and the Defendant's knowledge thereof; Count Five does not. Conversely, Count Five requires proof that the Defendant provided material support that he knew or intended would be used in preparation for, or in carrying out, a violation of an offense enumerated in Section 2339A (here, use of a weapon of mass destruction); Count Four does not. Because the statutory elements do not overlap, even if there is a "substantial overlap in the proof offered to establish" Counts Four and Five, they are not multiplicitous. *Albernaz*, 450 U.S. at 338.

## CONCLUSION

For the reasons set forth above, the Court should deny any motion the Defendant makes, under Rule 29 or otherwise, to dismiss Count Four or Count Five as multiplicitous.

Respectfully submitted this  29th  day of July, 2015.

WENDY J. OLSON
UNITED STATES ATTORNEY
By:


/s/_____
AARON N. LUCOFF
Assistant United States Attorney

/s/_____
HEATHER S. PATRICCO
Assistant United States Attorney


GOVERNMENT'S RESPONSE TO DEFENDANT'S RULE 29 MOTION - 8

/s/_____
LAWRENCE SCHNEIDER
U.S. Department of Justice Trial Attorney
Counterterrorism Section

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2015, the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT FOUR OR COUNT FIVE AS MULTIPLICITOUS** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s) by:

| | |
|---|---|
| Chuck Peterson<br>chuck@petersonlawyers.com<br><br>Courtney Peterson<br>Courtney@petersonlawyers.com | ☐ United States Mail, postage prepaid<br>☐ fax<br>☒ ECF filing<br>☐ email |

/s/_____
Raymond E. Patricco

GOVERNMENT'S RESPONSE TO DEFENDANT'S RULE 29 MOTION - 10